UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NIEYSHIA PATRICK, on behalf of
herself and all similarly situated
individuals,**

    Plaintiff,

v.    8:15-cv-1252-T-33AEP

**INTERSTATE MANAGEMENT
COMPANY, LLC,**

    Defendant.

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

This matter comes before the Court pursuant to the Parties' Joint Motion for Preliminary Approval of Class Action Settlement. (Doc. # 40), which was filed on January 8, 2016. In the Motion, the Parties are seeking: (1) preliminary approval of the proposed Settlement Agreement; (2) preliminary certification of a class for settlement purposes; (3) approval of the form and manner of notice to the class; and (4) the scheduling of a fairness hearing for the final approval of the class action settlement. After due consideration, the Court grants the Motion and Orders as follows:

    1.    <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Joint Motion for preliminary approval and the proposed Settlement Agreement, and all terms used herein shall have the same meaning as set forth in those filings.

    2.    <u>Preliminary Approval of Proposed Settlement</u>. The Parties' Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, adequate, and within the range of reasonableness for preliminary settlement approval. The Court preliminarily finds that the Settlement Agreement resulted from extensive arm's length negotiations, and is sufficient to

warrant notice of the Settlement to persons in the Settlement Classes and a full hearing on the approval of the Settlement.

      3.    <u>Class Certification for Settlement Purposes Only</u>. The Parties seek certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Pursuant to Rule 23(c), the court conditionally certifies, for settlement purposes only, the following Settlement Class:

> <u>Improper Disclosure Class</u>: All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application, or application for transfer or promotion, or for retention with, and (b) who were the subject of a consumer report procured by Defendant for employment purposes between May 22, 2010 and June 8, 2015, (referenced herein as the "Settlement Class")

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

      A.    The Settlement Class of approximately 32,000 members appears to be so numerous that joinder of all members is impracticable;

      B.    There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

      C.    Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

      D.    Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

      E.    Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    F. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

  4. <u>Class Counsel</u>.  Based on the considerations in Rule 23(g), the Court appoints Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A. as Class Counsel for the Settlement Class.

  5. <u>Class Representative</u>.  Based on the findings above, the court appoints Plaintiff Nieyshia Patrick as Class Representative for the Settlement Class.

  6. <u>Class Notice</u>.  The parties' Class Notice is approved for distribution in accordance with the schedule included in the Settlement Agreement.

  7. <u>Initial Motion for Fees and Expenses</u>.  Pursuant to Rule 23(h), Class Counsel is directed to file their motion for attorney fees and expenses within ten (10) business days after the mailing of the Class Notice.

  8. <u>Opt-Outs and Objections</u>.  Settlement Class Members shall have the right to either opt-out or object to this settlement pursuant to the procedures and schedule included in the Settlement Agreement and the notice to the Settlement Class Members.

  9. <u>Final Approval Hearing</u>.  A Final Approval Hearing is set for **April 28, 2016**, at 10:00 a.m. before the Honorable Virginia M. Hernandez Covington, United States District Judge, in Courtroom 14B, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue Tampa, Florida 33602.

  **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of January, 2016.

             _____
             VIRGINIA M. HERNANDEZ COVINGTON
             UNITED STATES DISTRICT JUDGE