# EXHIBIT E

United States District Court
Southern District of Texas

**ENTERED**

November 05, 2015

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Jeffrey K. Landrum,            )
For himself and on behalf of all others   )
similarly situated                )    Civil Action
         Plaintiffs,          )    File No. 4:14-cv-01467
                     )
v.                         )
                     )
Acadian Ambulance Service, Inc., and   )    Jury Trial Demanded
Acadian Ambulance Service of Texas, LLC  )
        Defendant.         )
_____)

## ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
## OF PROPOSED SETTLEMENT AND FINAL JUDGMENT

BEFORE THE COURT is the Joint Motion for Final Approval of Proposed Settlement submitted by Plaintiff Jeffrey K. Landrum ("Landrum"), for Himself and on Behalf of All Others Similarly Situated, and Defendants Acadian Ambulance Service, Inc. and Acadian Ambulance Service of Texas, LLC ("Acadian") pursuant to Federal Rule of Civil Procedure 23 (Docket Entry No. 36). A Final Fairness Hearing was held on November 5, 2015. The Court, having considered the Motion, the submissions of the parties relating to the proposed settlement, the arguments of counsel at the Final Fairness Hearing as well as the pleadings and papers on file herein, is of the opinion that such Motion should be granted. It is therefore

ORDERED that the Joint Motion for Final Approval of Proposed Settlement is GRANTED. Accordingly, it is further ORDERED as follows, and the Court makes the findings set forth below:

1.    Settlement Agreement. The Agreement and General Release ("Agreement") that was submitted with the parties' Joint Motion for Preliminary Approval of Proposed Settlement, Conditional Certification of Settlement Classes, and Approval of Proposed Notices to Settlement Classes (Docket Entry No. 20) ("Joint Motion for Preliminary Approval of Proposed Settlement");

the Exhibits to the Agreement; and the definitions of words and terms contained in the Agreement

are incorporated in this Order.

2.      Preliminary Approval Order.  On July 28, 2015, the Court entered an Order Granting

Joint Motion for Preliminary Approval of Proposed Settlement, Conditional Certification of

Settlement Classes, and Approval of Proposed Notices to Settlement Classes (Docket Entry No. 33)

("Preliminary Approval Order").  The Agreement was preliminarily approved pending the Final

Fairness Hearing. The Court also (a) conditionally certified the Background Check Settlement Class

for settlement purposes; (b) conditionally certified the Adverse Action Settlement Class for

settlement purposes; (c) approved the forms of and method of distribution of the Notice of Proposed

Class Action Settlement to the Background Check Settlement Class and the Adverse Action

Settlement Class; (d) appointed Landrum as Settlement Class Representative for the Background

Check Settlement Class and the Adverse Action Settlement Class and approved the parties' agreed

upon service payment to Landrum; (e) appointed Salar Ali Ahmed, Esq. and his firm, Ali S. Ahmed,

P.C., as Settlement Class Counsel and approved the parties' agreed upon sum to Settlement Class

Counsel for attorneys' fees and costs; and (f)  appointed Dahl Administration, LLC as the

Settlement Administrator.  The terms of and findings made in the Preliminary Approval Order are

adopted and incorporated into this Order.

3.      Final Class Certification for Settlement Purposes.  Pursuant to Federal Rule of Civil

Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following classes:

Background Check Settlement Class:
All employees and prospective employees / job applicants of Acadian and all of
its subsidiaries for whom the following occurred during the period from May
2012 until March 2014: (a) the employee or prospective employee / job applicant
signed a consent form that is being challenged because of the inclusion of a
release and waiver in it and on whom a consumer report was procured during such
period.

ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
OF PROPOSED SETTLEMENT AND FINAL JUDGMENT – Page 2

Adverse Action Settlement Class:

All prospective employees and prospective employees / job applicants of Acadian and all of its subsidiaries for whom the following occurred during a two-year look-back period ending on the date this class action lawsuit was filed: (a) the prospective employee / job applicant was not hired, or the employee was terminated, based in whole or in part on information contained in a consumer report, and (b) on whom Acadian could find no evidence of providing such person a pre-adverse action notice and / or a copy of their consumer report and / or an adverse action notice.

4.  Prerequisites for Class Action. Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

a.  The Background Check Settlement Class is so numerous that joinder of all members is impracticable. The Background Check Settlement Class consists of 2,689 members.

b.  The Adverse Action Settlement Class is so numerous that joinder of all members is impracticable. The Adverse Action Settlement Class consists of 41 members.

c.  There are questions of law or fact common to the Background Check Settlement Class for purposes of determining that the proposed settlement between the parties should be approved.

d.  There are questions of law or fact common to the Adverse Action Settlement Class for purposes of determining that the proposed settlement between the parties should be approved.

e.  The Settlement Class Representative's claims for alleged violations of the disclosure, authorization, pre-adverse action, and adverse action provisions of the Fair Credit Reporting Act ("FCRA") are typical of the claims of the Background Check Settlement Class and the Adverse Action Settlement Class.

    f.    Landrum, as Settlement Class Representative, has fairly and adequately protected the interests of the Background Check Settlement Class Members and the Adverse Action Settlement Class Members for purposes of settlement.

    g.    Settlement Class Counsel, Salar Ali Ahmed, Esq., and his firm, Ali S. Ahmed, P.C., have fairly and adequately protected the interests of the Background Check Settlement Class and the Adverse Action Settlement Class for purposes of settlement.

5.    <u>Rule 23(b)(3) Class Action</u>.  The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

    a.    Common questions of law and fact predominate over questions affecting only individual persons in the Background Check Settlement Class.

    b.    Certification of the Background Check Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Background Check Settlement Class.

    c.    Common questions of law and fact predominate over questions affecting only individual persons in the Adverse Action Settlement Class.

    d.    Certification of the Adverse Action Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Adverse Action Settlement Class.

6.    <u>Notice of Proposed Class Action Settlement to the Background Check Settlement Class</u>.  Pursuant to the Preliminary Approval Order and the Agreement, the Notice of Proposed Class Action Settlement was mailed to the Background Check Settlement Class.  The Court finds that the form, content, and method for notifying the Background Check Settlement Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of Civil Procedure

23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice.  The Court further finds that the Settlement Administrator, Dahl Administration, LLC, has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Notice of Proposed Class Action Settlement to the Background Check Settlement Class.

7.      Notice of Proposed Class Action Settlement to the Adverse Action Settlement Class. Pursuant to the Preliminary Approval Order and the Agreement, the Notice of Proposed Class Action Settlement was mailed to the Adverse Action Settlement Class.  The Court finds that the form, content, and method for notifying the Adverse Action Settlement Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice.  The Court further finds that the Settlement Administrator, Dahl Administration, LLC, has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Notice of Proposed Class Action Settlement to the Adverse Action Settlement Class.

8.      Notice Under CAFA.  Acadian timely served notices of the proposed settlement on the United States Attorney General and Attorneys General for the States in which members of the Background Check Settlement Class and the Adverse Action Settlement Class reside pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715.  The Court finds that Acadian's notification of the proposed settlement fully complies with the requirements of CAFA.

9.      Exclusions.  Members of the Background Check Settlement Class and Adverse Action Settlement Class were notified in the Notice of Proposed Class Action Settlement of their opportunity to request to be excluded from, or to opt out of, their respective Settlement Class.  Five (5) Settlement Class Members submitted written exclusion/opt-out statements to the Settlement

ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
OF PROPOSED SETTLEMENT AND FINAL JUDGMENT – Page 5

Administrator.

10.     Objections to Settlement.  Members of the Background Check Settlement Class and Adverse Action Settlement Class were also notified in the Notice of Proposed Class Action Settlement of their opportunity to object to the settlement by filing written objections with the Court.  No objections were submitted by the Settlement Class.

11.     Final Approval of Settlement and Agreement.  The Court finally approves the proposed settlement and the Agreement submitted with the parties' Joint Motion for Preliminary Approval of Proposed Settlement.  The Court finds that settlement on the terms set forth in the Agreement is fair, reasonable, and adequate and that such settlement is, in all respects, in the best interests of the Background Check Settlement Class and the Adverse Action Settlement Class. Factors considered to assess the fairness, reasonableness, and adequacy of a class action settlement warrant final approval of the settlement and Agreement.  The Court further finds that the settlement set forth in the Agreement resulted from arm's length negotiations.  The parties are ordered to consummate the Agreement in accordance with the terms and provisions of the Agreement.

12.     Payment to Settlement Class.  Acadian shall cause checks to be issued in the amount of $10.00 per member to Background Check Settlement Class Members who did not submit a timely and valid written notice to opt out of the settlement as payment for their share of the Settlement Class Fund.  Acadian shall further cause checks to be issued in the amount of $10.00 per member to Adverse Action Settlement Class Members who did not submit a timely and valid written notice to opt out of the settlement as payment for their share of the Settlement Class Fund.  The Settlement Administrator shall mail settlement checks to Background Check Settlement Class Members and Adverse Action Settlement Class Members at their last known addresses via first class United States mail, postmarked within 14 days after the Court's Judgment approving the settlement of this Action becomes final.

ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
OF PROPOSED SETTLEMENT AND FINAL JUDGMENT – Page 6

13.     Cy Pres.  Any amount remaining in the Settlement Class Fund after distribution of payment to the Background Check Settlement Class Members and the Adverse Action Settlement Class Members shall be paid by Acadian as a charitable donation to the Community Foundation of Acadiana, Fleur de Lis Fund.

14.     Service Payment to Landrum.  Landrum has applied for an award of a service payment as Settlement Class Representative in the amount of $1,200.00.  Landrum's request for service payment is granted.  The Court awards Landrum a service payment of $1,200.00.  In accordance with the Agreement, Acadian shall cause a check in the amount of $1,200.00 for the service payment to Landrum to be delivered to Settlement Class Counsel at Ali S. Ahmed, P.C., 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074, no later than 14 days after the Court's Judgment approving the settlement becomes final.

15.     Attorneys' Fees to Settlement Class Counsel.  Settlement Class Counsel, Ali S. Ahmed, Esq., has applied for an award of his attorneys' fees, costs, and expenses incurred in this Action in the amount of $135,000.00.  Settlement Class Counsel's request for attorney's fees, costs and expenses is granted.  The Court awards $135,000.00 to Settlement Class Counsel for attorneys' fees, costs, and expenses incurred in this Action.  In accordance with the Agreement, Acadian shall cause a check in the amount of $135,000.00 for attorneys' fees, costs, and expenses to be delivered to Settlement Class Counsel at Ali S. Ahmed, P.C., 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074, no later than 14 days after the Court's Judgment approving the settlement becomes final.

16.     Release of Claims by Landrum.  By the Agreement, this Order, and the Judgment, Landrum has released Acadian, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, divisions, subsidiaries, affiliates, and all persons acting by, through, under, or in concert with it (collectively, "Released Parties")

ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
OF PROPOSED SETTLEMENT AND FINAL JUDGMENT – Page 7

from all charges, complaints, claims, liabilities, obligations, promises, agreements, damages,

actions, causes of action, suits, demands, losses, debts, and expenses (including attorneys' fees and

costs), of any nature whatsoever, whether known or unknown, and whether arising under any law,

statute, constitution or regulation of the United States of America or any individual state or locality

which Landrum now has, had, or may have had (or claims to have had) against the Released Parties

("Claims"), including but not limited to, all claims that were or could have been brought by

Landrum in this litigation, all claims under the FCRA and any parallel state or common law claims,

all claims relating to the applications for employment made by Landrum, all claims relating to the

disclosures and authorizations, all claims relating to the consumer report obtained on Landrum, all

claims relating to Acadian's alleged failure to follow the pre-adverse action procedures under the

FCRA as to Landrum, all claims relating to Acadian's alleged failure to follow adverse action

procedures under the FCRA as to Landrum, and all claims relating to employment actions taken

regarding Landrum.

17.    Release of Claims by Background Check Settlement Class Members and Adverse

Action Settlement Class Members. By the Agreement, this Order, and the Judgment, the

Background Check Settlement Class members and the Adverse Action Settlement Class members

who have not timely and properly opted out of the settlement have released the Released Parties

from all claims of any nature whatsoever, whether known or unknown, that such member of such

class now has, had, or may have had (or claims to have or had) against the Released Parties that

were or could have been asserted in this litigation relating in any way to any violation of the

disclosure, authorization, and adverse action provisions of Section 1681b of the FCRA, including all

claims relating to any alleged failure to obtain proper written authorization prior to Acadian

procuring a Consumer Report from a Consumer Reporting Agency (including, but not limited to

any alleged claims that the inclusion of waiver and release language in any disclosure and

authorization form invalidated the form); all alleged claims relating to any failure to provide proper disclosure of Acadian's intention to seek a Consumer Report from a Consumer Reporting Agency; all alleged claims relating to any failure to provide notice of the intention to take adverse employment action based, in whole or in part, on information contained in a Consumer Report; all alleged claims relating to any failure to provide a Consumer Report prior to taking adverse employment action; all alleged claims relating to any failure to provide a description of the rights of consumers under the FCRA; and all alleged claims relating to any failure to provide an adverse action notice after taking an adverse employment action.

18.    Dismissal of Claims.  The Court dismisses with prejudice Landrum's disclosure and authorization claims, adverse action notice claims, and any and all of Landrum's other claims, known or unknown, that were asserted, or could have been asserted, against Acadian.  The Court also dismisses with prejudice all claims of the Background Check Settlement Class and the Adverse Action Settlement Class.  The remaining claims of all members of the Background Check Settlement Class and the Adverse Action Settlement Class other than Landrum, and of all employees and prospective employees who are not members of the Background Check Settlement Class and the Adverse Action Settlement Class are hereby dismissed without prejudice.

19.    Binding Effect of Agreement, Order, and Judgment.  The Agreement, this Order, and the Judgment are binding on Landrum, on all Background Check Settlement Class Members, and on all Adverse Action Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Acadian and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

20.     Jurisdiction.  Without affecting the finality of the Judgment in any way, the Court

retains jurisdiction of matters relating to this Order and the administration, interpretation,

consummation, and enforcement of the Agreement.

21.     This is a final judgment.

SIGNED at Houston, Texas, on the _5th_ day of ___November___, 2015.


_____
HONORABLE MELINDA HARMON
UNITED STATES DISTRICT JUDGE