# EXHIBIT F

Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247774)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff Irene Fernandez

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| IRENE FERNANDEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT, U.S.A., Inc., a Delaware corporation,<br><br>Defendant. | Case No.: SA CV-13-0648-DOC (RNBx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT [52]**<br><br>Date: January 19, 2016<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br><br>Complaint Filed: April 24, 2013 |

# ORDER

This matter came before the Court on January 19, 2016 for a hearing on the Motion for Final Approval of Class Action Settlement. Due and adequate notice having been given to Class Members as required by the Court's July 16, 2015 Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein, and having received only one defective objection to the settlement, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby

**ORDERED AS FOLLOWS:**

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Preliminary Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the requirements of Rule 23 have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Amended Settlement Agreement, together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to submit claims, opt out, or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have

1 been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiff's counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8. Accordingly, the Court hereby approves the settlement as set forth in the Amended Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Amended Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

9. The Court overrules the sole objection to the settlement.

10. The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Amended Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Amended Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

11. Final approval shall be with respect to: All persons who, between April 24, 2011 to July 27, 2015, applied for employment with Home Depot and executed the AIMS form or the 2009 Form, and who did not opt-out of the settlement.

12. Plaintiff Irene Fernandez is a suitable representative and is hereby appointed the representative for the Settlement Class. The Court finds that Plaintiff's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that her interests are aligned with those of the Settlement Class.

13. The Court finds that the attorneys at Capstone Law APC have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that Capstone Law APC satisfies the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints Capstone Law APC as counsel for the Settlement Class.

14. The Court approves claims administration costs and expenses in the amount of $368,458.98 to Kurtzman Carson Consultants, LLC.

15. Defendant shall pay Class Members pursuant to the procedure described in the Amended Settlement Agreement. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Amended Settlement Agreement.

16. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be

heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Amended Settlement Agreement and of the Court's Order shall be forever binding on all Class Members who did not timely and properly opt out of the settlement. These Class Members have released and forever discharged the Defendant for any and all Released Claims.

**IT IS SO ORDERED.**

Dated: January 22, 2016

*[signature]*

Hon. David O. Carter
United States District Judge