**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NIEYSHIA PATRICK, on behalf of**
**herself and all similarly situated**
**individuals,**

    **Plaintiff**

**v.**

**Case No. 8:15-cv-1252-T-33AEP**

**INTERSTATE MANAGEMENT**
**COMPANY, LLC,**

    **Defendant.**

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

This matter came before the Court for hearing on April 29, 2016. The Court, having considered the Motions for Preliminary Approval and Final Approval and the documents in support thereof, the Settlement Agreement (the "Agreement"), any objections (none were made) and comments received regarding the proposed settlement, the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, and for good cause appearing, hereby grants the Parties' Joint Motion for Final Approval and Orders as follows:

    1.    <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in the Joint Motion for preliminary approval and the proposed settlement agreement, and all terms used herein shall have the same meaning as set forth in those filings.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant.

3. <u>Final Approval of Settlement</u>. The Court hereby adopts and approves the Parties' Settlement Agreement and the settlement terms contained therein and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the law, and in the best interest of the parties and the Settlement Class. The Court finds that the Parties dispute the merits of the claims and the appropriateness for trying the claims on a class basis. The case involves complex issues of fact and law and the settlement terms reflect the inherent uncertainty of litigation and the challenges of establishing liability in a complex case brought under Federal Rule 23. Accordingly, the Court directs the parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

4. <u>Notice</u>. The Court finds that the notice to the Class of the pendency of the Action and of this settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and fully complied with the requirements of due process and of all applicable statutes and laws.

5. <u>Final Class Certification</u>. The parties seek final certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(c), the court finally certifies, for settlement purposes only, the following Settlement Class (except for those individuals who opted out):

> <u>Class Definition</u>: All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application, or application for transfer or promotion, or for retention with, and (b) who were the subject of a consumer

report procured by Defendant for employment purposes between May 22, 2010 and June 8, 2015, (referenced herein as the "Settlement Class")

6. <u>Final Certification</u>. In connection with this final certification, the Court makes the following final findings:

A. The Settlement Class of approximately 32,000 members appears to be so numerous that joinder of all members is impracticable;

B. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

C. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

D. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

E. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

F. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7. <u>Class Counsel</u>. Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A. will continue to serve as Class Counsel for the Settlement Class.

8. <u>Class Representative</u>. Named Plaintiff, Nieyshia Patrick, will continue to serve as Class Representative for the Settlement Class.

9. <u>Settlement Consideration</u>.  Defendant and Plaintiff are hereby ordered to comply with the terms and conditions contained in the Settlement Agreement (available at Doc. 40-1, pp. 1-24), which is incorporated by reference herein.

10. <u>Applicability</u>.  The provisions of this Final Order are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each of Defendants' successors and assigns).  All persons who are included within the definition of the Settlement Class and who did not properly file requests for exclusion are therefore bound by this Final Order and by the Settlement Agreement.

11. <u>Release</u>.  As of the Effective Date, the Settlement Class members, including Plaintiff (collectively, the "Releasing Parties"), but excluding those individuals who asked to be excluded from the Settlement, release Defendant and its U.S. affiliates and subsidiaries ("Released Parties"), from the "Released Claims."  The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the claims in the case shall be dismissed with prejudice. The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

12. <u>Dismissal</u>.  The Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

13. <u>Exclusions</u>.  The Settlement Administrator has identified 1 individual, specifically "Nadifo Halane," who timely submitted a request for exclusion from the Settlement Class in compliance with the procedures set forth in the Preliminary Approval

Order. The person so identified shall not be entitled to benefits from the settlement nor bound by this Final Order.

14. <u>Fees, Costs, Payment to Administrator</u>.  Plaintiff's unopposed Motion for Fees, Costs, and a Class Representative Award (Doc. 44) is granted.  Plaintiff's counsel is awarded a fee consisting of one-third of the total common fund (equating to $175,000), plus costs totaling $3,580. The named Plaintiff, Nieyshia Patrick, is awarded an incentive award of $10,000.  Additionally, the settlement administrator will receive $65,000 for all work performed in this case.  All of the foregoing are to be paid from the Settlement Fund.

15. <u>Final Order</u>.  The Court orders that this Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties, Plaintiff, Defendant, and the Settlement Class. The Clerk is directed to terminate any pending motions and previously scheduled deadlines and thereafter CLOSE this case.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of April, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE